

# ORDERED in the Southern District of Florida on October 25, 2010.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 10-31406-BKC-AJC |
| ARTECITY MANAGEMENT, LLC et al.[1], | Chapter 11 Proceeding<br>Jointly Administered |
| Debtors.<br>_____/ | |
| ARTECITY PARK, LLC a Florida limited liability Company; ARTEPARK SOUTH DEVELOPMENT LLC, a Florida limited liability company; ARTECITY GOVERNOR LLC, a Florida limited liability company; and PARK VILLAS DEVELOPMENT LLC, a Florida limited liability company,<br>Plaintiffs, | Adv. Proc. No.: 10-03595-BKC-AJC |
| vs. | |

---

[1] The last four digits of the taxpayer identification numbers of each of the Debtors follow in parentheses: (i) Artecity Management LLC (2357); (ii) Artecity Holding LTD (9763); (iii) Artecity Governor LLC (3220); (iv) Artecity Park LLC (6068); (v) Artecity Plaza LLC (3734); (vi) Artepark South Development LLC (5232) and (vii) Park Villas Development LLC (5344).

1

SOARES DA COSTA CS, LLC, a Florida
limited liability company, and SOARES DA
COSTA CONSTRUCAO SGPS, S.A., a
foreign corporation,
Defendants.
_____/

SOARES DA COSTA CS, LLC, a Florida
limited liability company,

Counter-Plaintiff,

vs.

ARTECITY PARK, LLC a Florida limited
liability Company; ARTEPARK SOUTH
DEVELOPMENT LLC, a Florida limited
_____/

### ORDER GRANTING DEFENDANTS' MOTION
### FOR MANDATORY ABSTENTION (ECF #7)

**THIS MATTER** came before the Court for hearing at 3:00 p.m. on October 18, 2010, on Defendants', Soares Da Costa CS, LLC ("SDC") and Soares Da Costa Construcao SGPS, S.A. ("SDC Construcao") (collectively, the "SDC Defendants"), Motion for Mandatory or Permissive Abstention, or, in the Alternative, for Remand (hereinafter referred to as the "Motion") (ECF #7).

The Court has reviewed the Motion and the Debtors' response, heard argument of counsel, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED** as to mandatory abstention and this Court abstains from hearing this Adversary Proceeding.

I.   **FACTS**

    a.   ***The State Court Action***

The facts which appear from the pleadings in the removed action that were attached to the removal petition (ECF #1) are that Artecity Park LLC ("Park"), Artepark South Development LLC ("Artepark"), Artecity Governor LLC ("Governor"), and Park Villas Development LLC ("Park Villas") (collectively, "Plaintiff Debtors") own real property in Miami Beach, Florida that is part of a real estate condominium project known as Artecity (the "Artecity Project"). The Artecity Project includes 202 residential condominium units in 5 multi-level buildings, together with 5 retail spaces, two pools, a fitness and spa facility, and a parking garage. Park owns the North Tower building and related common areas (the "South Tower"), Governor owns the Governor Building and related common areas (the "Governor Building"), and Park Villas owns the Park Villas building and related common areas (the "Villas Building"). SDC served as the general contractor to administer and supervise the Artecity Project.

Park and Artepark filed a complaint on April 1, 2008 against SDC that included claims for breach of contract related to the Artecity Project. The complaint was filed in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"). The case number is 08-17586 CA 31 (the "State Court Action"). On April 7, 2009, the Complaint was amended (the "Amended Complaint") to add all Plaintiff Debtors and SDC Construcao as a party defendant.

In the Amended Complaint, the Plaintiff Debtors asserted four (4) breach of contract claims against SDC and four (4) breach of guaranty claims against SDC Construcao. On August 4, 2009, SDC served its Amended Counterclaim against the Plaintiff Debtors asserting counterclaims for breaches of contract, foreclosure of construction liens, unjust enrichment, and quantum meruit.

3

The parties' submissions to this Court reflect that, during the pendency of the State Court Action, the State Court has conducted numerous hearings, and has ruled on at least two motions for partial summary judgment, one motion to dismiss, and multiple motions to compel discovery. During the two and a half years that the case has been pending, the State Court has thus been required to familiarize itself with many of the critical construction dispute issues and the past and ongoing discovery disputes. The State Court Action is currently at issue.

b. *The filing of the Bankruptcy Petition*

The Plaintiff Debtors each filed petitions for relief under Chapter 11 of the Bankruptcy Code on July 26, 2010 (the "Petition Date"). Pursuant to this Court's orders, the cases are jointly administered. The Plaintiff Debtors filed and served their Notice of Removal (ECF #1) to remove the State Court Action to this Court on September 14, 2010. On October 5, 2010, the SDC Defendants filed a Motion for Mandatory or Permissive Abstention, or, in the Alternative, for Remand in response to the Notice of Removal. (ECF #7). The Plaintiff Debtors filed a response to the Motion on October 14, 2010. (ECF #11).

II.   **LEGAL DISCUSSION**

a. *Mandatory Abstention*

The SDC Defendants request that the Court mandatorily abstain from this matter pursuant to 28 U.S.C. § 1334(c)(2). That section provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Under the mandatory abstention statute, "... courts must abstain from hearing a state court claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding.  That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court." *In re Sol*, 419 B.R. 498, 504 (Bankr. S.D. Fla. 2009); *In re United Container LLC*, 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002).  All of the requirements for mandatory abstention are present here.

    1.    *No Independent Basis for Federal Jurisdiction*

There is no independent basis for federal jurisdiction other than § 1334(b).  The State Court Action presents only Florida state law claims; no federal question exists.  Diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist because there are both plaintiffs and defendants who are deemed Florida citizens.  The Notice of Removal invokes federal jurisdiction based solely on the bankruptcy removal statute (28 U.S.C. § 1452) and 28 U.S.C. § 1334(b).

    2.    *The Claims in the State Court Action are Non-Core*

The claims in the State Court Action are garden variety state law claims relating to a pre-petition construction dispute.  "The claims existed prior to and independent of this bankruptcy proceeding, and do not involve any substantive rights created by federal bankruptcy law. Accordingly, the claims are non-core." *Sol, supra*, 419 B.R. at 504 (citing *In re Toledo*, 170 F.3d 1340 (11th Cir. 1999)).

The Plaintiff Debtors argue that the State Court Action contains both core and non-core claims. The Plaintiff Debtors assert that the breach of contract claims, unjust enrichment claims, and quantum meruit claims are non-core proceedings, but the foreclosure of construction lien claims are core proceedings under 28 U.S.C. § 157(b)(2)(K). The Court is not persuaded by the Debtors' argument. The claims asserted in the State Court Action are all state law claims that could have existed, and did exist, in the State Court independent of the bankruptcy. No basis exists to conclude that such claims fall within the core jurisdiction of this Court; thus, the State Court Action is a non-core proceeding that is only related to the underlying bankruptcy case.

    3.    *An Action has been Commenced in State Court*

It is undisputed that the State Court action sought to be removed was filed in 2008, prior to the Debtors' filing of their bankruptcy petitions.

    4.    *Timely Adjudication*

The last factor for a determination of mandatory abstention is whether the action could be adjudicated timely in state court. "The phrase 'timely adjudication' is not defined in the Bankruptcy Code, but '[c]ourts interpreting this phrase have not focused on when the case would be tried but rather on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." *Sol, supra*, 419 B.R. at 507 (citations omitted). Courts consider, among other things, "the backlog of the state court and federal court calendar," the "status of the proceeding in state court prior to being removed (*i.e.*, whether discovery had been commenced)," "whether parties consent to the bankruptcy court entering judgment in the non-core case," and the "complexity of the issues to be resolved." *Id.*

(citations omitted). In this case, Defendants have timely declared that they do not consent to this Court entering judgment in this proceeding. (ECF #7).

Applying the standards described above, the Court finds that the action can be timely adjudicated in the State Court. First, the Court is not persuaded that this adversary proceeding could be tried any sooner in this Court or the District Court than in the State Court, especially in light of the posture of the State Court Action and the current backlog in District Court. Additionally, the State Court has become familiar with the proceedings and has ruled on various substantive and dispositive motions. Furthermore, the Court is persuaded that judicial economy will be preserved by abstaining from hearing and trying this adversary proceeding and such abstention will not negatively impact the efficient administration of the bankruptcy estates.

Accordingly, since all of the elements for mandatory abstention are present here, this Court is required to abstain.

Thus, it is hereupon

**ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART** and the Court abstains from hearing and trying this proceeding under the mandatory abstention statutory provisions. As such, the Court need not address whether permissive abstention or equitable remand is warranted. The State Court Action may proceed to judgment, but the SDC Defendants must return to this Court for approval if they receive a judgment against the Plaintiff Debtors and seek to execute on that judgment.

# # #

**Copies furnished to:**

Charles W. Throckmorton, Esquire

Florida Bar No. 286192
cwt@kttlaw.com
Kozyak Tropin & Throckmorton, P.A.
Counsel for Soares Da Costa CS, LLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone:    (305) 372-1800
Fax:          (305) 372-3508


[Attorney Throckmorton is directed to serve copies of this Order upon all interested parties immediately upon receipt of same and shall file a Certificate of Service with the Court.]